UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ORLANDO CARTER,
Plaintiff,

vs.

NATIONAL CITY BANK, et al.,
Defendants.

Case No. 1:17-cv-508
Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Orlando Carter brings this pro se action against defendant National City Bank, now known as P.N.C. Bank, N.A., alleging state law claims of civil conspiracy, negligence, gross negligence, negligent misrepresentation, intentional infliction of emotional distress, negligent infliction of emotional distress, fraud, invasion of privacy, breach of contract, and breach of the covenant of good faith and fair dealing, as well as for a declaratory judgment, civil rights violations under 42 U.S.C. § 1985, and neglect to prevent conspiracy under 42 U.S.C. § 1986. (Doc. 4). This matter is before the Court on plaintiff's motion for a preliminary injunction (styled as "Emergency Motion for a Preliminary Injunction/Request for Order to Show Cause/Date for Hearing") (Doc. 14), defendants' response in opposition (Doc. 23), and plaintiff's reply memorandum (Doc. 30).[1]

**I. Preliminary Injunction Motion (Doc. 14)**

In his motion for a preliminary injunction, plaintiff argues that defendant employees misled the Court and U.S. Attorney to "believe that an authentic $4,000,000 debt existed between Carter/Dynus and PNC." (Doc. 14 at 2). Plaintiff argues that defendants have not verified the existence of a $4,000,000 debt owed in relation to his criminal conviction and,

---

[1] The legal and factual issues involved in this case are not complex and they have been fully briefed by the parties. Pursuant to S. D. Ohio Civ. R. 7.1, the Court therefore finds that oral argument is not "essential to the fair resolution" of this case and plaintiff's request for same is denied.

instead, defendants are conducting a "frivolous" search that "wrongfully invades [his] privacy and continues to harm and assist the US Attorney in violating [his] constitutional right to due process." (*Id.* at 2). Plaintiff argues that in his criminal case, PNC Bank executives "testified falsely that an authentic $4,000,000 debt existed and that a demand was made for the same." (*Id.* at 5).

Plaintiff seeks an injunction requiring "Defendants and its officials, officers, executives, attorneys, employees, agents, assigns, representatives, witnesses and all those working in agreement, conspiracy or concert with the Defendants including government officials and employees" to:

> Refrain from their false claim that a $4,000,000 debt exist [sic] or existed between Defendants ("PNC") and CBST Acquisition LLC, a Dynus Corporation subsidiary ("Dynus") and Orlando Carter until such time Defendants provide certified and authenticated PNC Bank Records for Dynus to be true and correct by a PNC Record Custodian under penalty of perjury which shows the authentic existence of a $4,000,000 debt ("records") and verified by the U.S. Treasury Department.

(*Id.* at 2).

Plaintiff further states that without an injunction, he has "no remedy to prevent the false and injurious claims and allegations by PNC and government attorneys and investigators." (*Id.* at 3).

In response, defendants argue that plaintiff relies on "prior alleged false testimony by PNC in an unrelated criminal matter," which does not create grounds for injunctive relief. (Doc. 23 at 1). Defendants claim that none of the factors warranting a preliminary injunction are present, most notably that plaintiff does not have a strong likelihood of success on the merits. (*Id.* at 2). As stated in their subsequent motion to dismiss, which remains pending, defendants

contend that plaintiff's claims are either time-barred or barred by lack of standing or by immunity. (*Id.* at 2).

In reply, plaintiff maintains that defendants are continually engaging in "non-testimonial acts of wrongdoing." (Doc. 30 at 3).

## II. Standard

In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *Overstreet v. Lexington-Fayette Urban Cty. Gov.*, 305 F.3d 566, 573 (6th Cir. 2002).

The four factors above are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Leary*, 228 F.3d at 736. "Moreover, a district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003). A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving the circumstances clearly demand it. *Overstreet*, 305 F.3d at 573.

## III. Resolution

In this case, plaintiff has not alleged facts sufficient to warrant a preliminary injunction. Although plaintiff has attempted to apply the above factors that must be weighed to his situation, he has not presented any evidence showing a substantial likelihood of success on the merits of his claims[2] or demonstrating that he will suffer irreparable harm absent a preliminary injunction.

Moreover, a preliminary injunction is not warranted here because the purpose of a preliminary injunction—to preserve the status quo until a trial on the merits can be held—*see S. Milk Sales Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991)—would not be served. A preliminary injunction is an extraordinary remedy, "[t]he purpose of such relief is simply to preserve the status quo." *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004). *See also Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *Tenn. Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009). Plaintiff seeks injunctive relief ordering defendants to "[r]efrain from their false claim[s]" regarding the existence of a $4,000,000 debt in connection with his criminal conviction. (Doc. 14 at 2). The remedy plaintiff seeks is more than an injunction maintaining the status quo; instead, he seeks affirmative relief from this Court to correct alleged harms by defendants yet to be proven. The Court need not analyze the remaining factors because it is clear based on the above considerations that plaintiff is not entitled to the extraordinary relief he seeks. Accordingly, plaintiff's motion for a preliminary injunction (Doc. 14) should be denied.

---

[2] Although plaintiff alleges fifteen separate claims for relief in his complaint, the only claim on which he relies for a preliminary injunction is his declaratory judgment claim.

4

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion for a preliminary injunction (Doc. 14) be **DENIED.**

Date: 3/9/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ORLANDO CARTER,
Plaintiff,

vs.

NATIONAL CITY BANK et al.,
Defendants.

Case No: 1:17-cv-508
Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).