UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ORLANDO CARTER,<br>Plaintiff, | Case No. 1:17-cv-508<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| NATIONAL CITY BANK, et al.,<br>Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff Orlando Carter brings this pro se action against defendant National City Bank, now known as PNC Bank, N.A., alleging a variety of state and federal law claims. This matter is before the Court on plaintiff's motion for an order joining CBST Acquisition LLC ("CBST") as a plaintiff (Doc. 57), defendants' response in opposition (Doc. 61), and plaintiff's reply memorandum (Doc. 63).

Plaintiff filed this civil lawsuit in July 2017 and was granted leave to proceed *in forma pauperis* on August 23, 2017. (Docs. 1, 3, 4). On July 23, 2018, the undersigned recommended that defendant National City Bank's motion to dismiss be granted, that plaintiff's motion to amend be denied, and that plaintiff's motion to file a supplemental complaint be denied. (Doc. 55). Plaintiff subsequently requested two extensions of time to object to the July Report and Recommendation, the first of which the District Judge granted. (Doc. 56). On September 25, 2018, plaintiff filed objections to the Report and Recommendation, which the District Judge has not yet ruled on. (Doc. 62).

On September 4, 2018, plaintiff filed the present motion to join CBST as a plaintiff. (Doc. 57). Plaintiff maintains that CBST should be joined as a plaintiff under Federal Rules of Civil Procedure 17 and 19 because it is a borrower on the Note with PNC and its claims arise out

of the same transactions, occurrences, and allegations that are the subject of this lawsuit. (*Id.* at 1).

In response, defendants assert that plaintiff's motion is untimely and moot. (Doc. 61 at 1). Defendants argue that Federal Rules of Civil Procedure 17 and 19 do not require CBST to be joined, nor do they permit plaintiff to amend the pleadings at this stage in the litigation. (*Id.* at 2).

In reply, plaintiff maintains that permitting CBST to be joined as a plaintiff serves the interest of judicial economy. (Doc. 63 at 1-2). Plaintiff contends that his request is timely because the District Court has not yet adopted the July Report and Recommendation and overruled his objections. (*Id.* at 2).

Plaintiff's motion for joinder is analyzed under the same standard as motions for leave to amend the complaint. *Shultz v. Berrios*, No. 10-10486, 2010 WL 5865372, at *6 (E.D. Mich. Nov. 22, 2010), *adopted*, 2011 WL 721303 (E.D. Mich. Feb. 23, 2011). The granting or denial of a motion to amend pursuant to Fed. R. Civ. P. 15(a) is within the discretion of the trial court. Leave to amend a complaint should be liberally granted. *Foman v. Davis*, 371 U.S. 178 (1962). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). The test for futility is whether the amended complaint could survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

Plaintiff's motion to join CBST as a plaintiff in this matter should be denied. First, plaintiff's motion is unduly delayed. Plaintiff filed his complaint on August 23, 2017 and seeks

2

to add CBST as a plaintiff over a year later. In addition, plaintiff filed the motion well over a month after the undersigned recommended that defendant's motion to dismiss be granted. Allowing plaintiff to join CBST as a plaintiff at this stage in the litigation—when the Court has already recommended that defendants' motion to dismiss be granted—would cause undue prejudice to defendants.

Second, the motion for joinder is futile because the undersigned has recommended that all claims alleged in plaintiff's complaint be dismissed. For the reasons described in the July Report and Recommendation, plaintiff's civil conspiracy, § 1985, § 1986, intentional infliction of emotional distress, negligent infliction of emotional distress, and invasion of privacy claims are time-barred by the applicable statute of limitations. (Doc. 55 at 5-8, 11-18). Plaintiff's amended complaint fails to meet Rule 9(b)'s heightened pleading standard for fraud and fails to allege the bare minimum "who, what, when, where, and how" of the alleged fraud. (*Id.* at 16). Even though plaintiff alleges that CBST has privity of contract with PNC in relation to the $250,000 Note (Doc. 57 at 5), plaintiff's breach of contract claim fails to identify any plausible facts supporting allegations that defendants breached any purported contract by changing the amount owed. (*Id.* at 21). Finally, all three negligence-based claims, even if asserted by CBST, would fail for a lack of duty. (*Id.* at 8-11). Overall, joining CBST as a plaintiff would not change the Court's analysis. Therefore, plaintiff's motion to join CBST as a plaintiff (Doc. 57) should be denied.

**IT IS SO RECOMMENDED.**

Date: 10/25/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ORLANDO CARTER,
Plaintiff,

vs.

NATIONAL CITY BANK, et al.,
Defendant.

Case No: 1:17-cv-508
Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).